UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | 2:08-cr-00283-RCJ-PAL |
| REGINALD DUNLAP, | ) | **ORDER** |
| Defendant. | ) | |

Pending before the Court is Defendant Reginal Dunlap's motion[1] seeking "the reduction of [his] sentence by 40 months." (Dkt. 1278 at 1). He argues that, pursuant to his plea agreement, (Dkt. 771), he is entitled to seek reduction of his 20 year sentence to account for "the period of time that [he] was in state custody[.]" (Dkt. 1278 at 1). For the following reasons, the Court denies Dunlap's motion.

---

[1] Wright is acting pro se in this matter, and the Court has "an obligation to give a liberal construction to the filings of pro se litigants" in this circuit. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

Under 18 U.S.C. § 3582(c) a court "may not modify a term of imprisonment once it has been imposed" unless two circumstances exist allowing an exception—neither of which exist in this case. Moreover, the government argues that the Court should deny Dunlap's motion because, contrary to Dunlap's understanding, his plea agreement only entitled him to argue for a 40-month reduction during the sentencing recommendation phase, not afterwards, (Dkt. 771 at 7). (Dkt. 1279 at 2). The plea agreement "acknowledges that the Court does not have to follow the recommendations or arguments of either party," (Dkt. 771 at 7), and the Court's judgment ultimately imposed a 20-year sentence without a 40-month deduction.[2] (Dkt. 898 at 2). Under the Federal Rules of Criminal Procedure, the Court lacks authority to alter Dunlap's sentence either by correcting for an error or reduction for substantial assistance. Fed. R. Crim. P. 35. Thus, the Court finds no basis to grant the pending motion.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's motion, (Dkt. 1278), is **DENIED**.

IT IS SO ORDERED.

Dated: October 12, 2023.

_____
ROBERT C. JONES
United States District Judge

---

[2] The government notes that "Dunlap's sentencing hearing has not been transcribed," thus, it's unknown whether Dunlap's counsel actually requested a 40-month reduction at the sentencing hearing, as was his right under the plea agreement. (Dkt. 1279 at 2).